UNITED STATES DISTRICT COURT
                          DISTRICT OF PUERTO RICO


EMMA FERNANDEZ VARGAS, et al.,

        Plaintiffs,
                                            Civil No. 04-2236 (JAF)
        v.

PFIZER PHARMACEUTICALS, INC.,
et al.,

        Defendants.


**OPINION AND ORDER**

Plaintiffs, Emma Fernández Vargas and her son Christian Jaime Pagán Fernández, originally filed a complaint against Defendants Pfizer Pharmaceuticals, Inc. (Pfizer); an unnamed insurance company; unnamed Pfizer employees; Luis Adorno Cabán; and Anabel Sánchez Valle, as the representative of her minor children, Emmibel Pagán Sánchez, and Reysha Pagán Sánchez, in local Puerto Rico court. Docket Document No. 6-2. In that complaint, which Pfizer later removed to this court, Docket Document No. 1, Plaintiffs sought monetary damages for the wrongful death of their common-law husband and father, Jaime Pagán Avilés, while working at Pfizer, and a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (1999 & Supp. 2006), for the recovery of related benefits that they claim were improperly denied. Docket Document No. 6-2. Defendants Sánchez Valle and her minor children ("the Sánchez Valle family"), who were also fathered

by Pagán Avilés, filed their own complaint in local Puerto Rico court for wrongful death against Pfizer, Docket Document No. 92-2, and then later filed identical wrongful death cross-claims against Pfizer in the instant litigation. Docket Document No. 35. This court dismissed Plaintiffs' complaint and the Sánchez Valle family's wrongful death cross-claims in a series of orders. Docket Document Nos. 42, 76, 81, 83. The Sánchez Valle family moved for reconsideration of the dismissal of their wrongful death cross-claims, Docket Document No. 49, and we denied that motion. Docket Document No. 82.

The Sánchez Valle family now moves for reconsideration of what it calls our dismissal of its ERISA cross-claim against Pfizer. Docket Document No. 84. Pfizer opposes the reconsideration motion, arguing that the Sánchez Valle family never pleaded any ERISA cross-claim against it such that there are no ERISA cross-claim issues for this court to reconsider. Document No. 85.

Pfizer also moves this court for a permanent injunction under the All Writs Act, 28 U.S.C. § 1651 (1994 Supp. 2004), barring the Sánchez Valle family from relitigating issues in local Puerto Rico court pursuant to their pending lawsuit that have previously been determined in this forum. Docket Document Nos. 86, 87. The Sánchez Valle family opposes. Docket Document No. 94. Pfizer replies, Docket Document No. 97, and the Sánchez Valle family sur-replies. Docket Document No. 98.

I.

**Factual and Procedural History**

Pagán Avilés and Adorno Cabán were co-workers at Pfizer. On August 6, 2003, Adorno Cabán fatally shot Pagán Avilés while the two were working in the company's industrial factory in Barceloneta, Puerto Rico. Fernández Vargas also worked at Pfizer at the time, and it appears from the case record that she continues to work there at present.

Plaintiffs filed this lawsuit in local Puerto Rico court seeking monetary damages from Defendants for Pagán Avilés' death on August 2, 2004. Docket Document No. 6-2. The action alleged wrongful death claims, and a claim that Fernández Vargas was wrongfully denied long-term disability benefits, a fact that caused her a great deal of emotional anguish when she had to return to work, see old coworkers and the scene where her common-law husband was killed, and relive the times she and Pagán Avilés shared together at Pfizer. Docket Document No. 6-2. Plaintiffs have explained that they chose to include Pagán Avilés' minor children with another woman as defendants because they have the right to share in any award, but could not be included as co-plaintiffs because Plaintiffs did not secure the proper authorization. Id. The Sánchez Valle family filed their own action against Pfizer, among other defendants, in a local Puerto Rico court on October 26, 2004, alleging wrongful death claims. Docket Document No. 92-2.

Pfizer removed Plaintiffs' action to this court on November 9, 2004, claiming that Plaintiffs' claim of wrongful denial of long-term disability benefits claim was actually a claim under ERISA, and not local law. Document No. 1.

Pfizer then moved to dismiss the action against it on December 8, 2004, arguing firstly that although Plaintiffs' wrongful denial of long-term disability benefits claim was actually preempted by ERISA, Plaintiffs had not properly pleaded it as an ERISA claim. Docket Document No. 5. Pfizer secondly argued that it was immune from the wrongful death claims due to the fact that it was insured under Puerto Rico's Workmen's Compensation Act ("workers' compensation act"), 11 L.P.R.A. § 1 et seq. (2003), which grants employers tort immunity in exchange for their participation in the workers' compensation insurance program. Id.

Plaintiffs conceded that their wrongful denial of benefits claim was preempted by ERISA, and requested leave from this court to amend their complaint accordingly. Docket Document No. 13. As for their contested wrongful death claims, Plaintiffs cited to a State Insurance Fund (SIF) opinion finding that they were not entitled to recover under the Puerto Rico workers' compensation act due to the fact that Adorno Cabán's aggression against Pagán Avilés had "no bearing whatsoever with the functions performed by the employee, nor with the functions performed by the assailant." Id. His death not being work-related, the SIF held that Plaintiffs

Case 3:04-cv-02236-JAF   Document 103   Filed 11/08/06   Page 5 of 20

Civil No. 04-2236 (JAF)                                                    -5-

could not recover for it under the Puerto Rico workers' compensation act. Docket Document No. 25-2. Plaintiffs argued that the SIF's determination that Pagán Avilés' death was not compensable under Puerto Rico's workers' compensation act meant that Pfizer did not enjoy immunity from related tort actions. Docket Document No. 13. On February 6, 2005, we granted Plaintiffs' request for leave to file an amended complaint to reflect their ERISA action, but deferred judgment on the question of whether Pfizer enjoyed employer immunity under the Puerto Rico workers' compensation act until Plaintiffs filed an English translation of the SIF decision that figured so prominently in their opposition argument. Docket Document No. 19. Plaintiffs filed the English translation of the SIF decision on February 22, 2005, Docket Document No. 25-2, and submitted their amended complaint later that same day. Docket Document No. 26.

Pfizer moved to dismiss Plaintiffs' newly pleaded ERISA claim on March 10, 2005, arguing that Plaintiffs did not allege to have administratively appealed the denial of Fernández Vargas' long-term disability benefits as is required for a valid ERISA denial-of-benefits claim in federal court. Docket Document No. 28. Pfizer speculated that Plaintiffs failed to allege having exhausted any administrative appeal of the denial of Fernández Vargas' benefits because there was nothing to appeal. Id. According to Pfizer, and contrary to Plaintiffs' assertions, it had no record

that Fernández Vargas had ever even applied for the long-term disability benefits that Plaintiffs' complaint now averred had been wrongfully withheld. Id. Pfizer's March 10, 2005, motion to dismiss also renewed its earlier arguments in favor of dismissing the wrongful death claims against it on the basis of employer immunity under the Puerto Rico workers' compensation act. Id. Plaintiffs opposed Pfizer's second motion to dismiss on March 21, 2005. Docket Document No. 30. Pfizer replied on April 11, 2005. Docket Document No. 33.

The Sánchez Valle family filed an answer to Plaintiffs' complaint on April 25, 2005, in which it pleaded wrongful death cross-claims against Pfizer. Docket Document No. 35. Pfizer moved to dismiss the wrongful death claims asserted by the Sánchez Valle family on May 10, 2005, for the same reasons stated in its pending motions to dismiss Plaintiffs' wrongful death claims, i.e., employer immunity under the Puerto Rico workers' compensation act. Docket Document No. 37.

On June 8, 2005, we denied Pfizer's motion to dismiss Plaintiffs' ERISA claims, holding that Plaintiffs had satisfied pleading requirements. Docket Document No. 42. In the same order, we granted Pfizer's motion to dismiss Plaintiffs', and the Sánchez Valle family's, wrongful death claims. Id. We then decided not to exercise supplemental jurisdiction over the remaining wrongful death claim against Adorno-Cabán, given that it bore little

relationship to the only other surviving claim in the case, Plaintiffs' ERISA action against Pfizer. Id.

Pfizer answered Plaintiffs' amended complaint on June 21, 2005. Docket Document No. 48.

The Sánchez Valle family moved for reconsideration of the dismissal of their wrongful death cross-claims on June 22, 2005, Docket Document No. 49.

Pfizer filed a summary judgment motion seeking to dismiss Plaintiffs' remaining ERISA claim on July 13, 2005, appending, inter alia: (1) an affidavit from one of its insurance representatives testifying that Pfizer's long-term disability plan never received any application for benefits from Fernández Vargas; (2) an affidavit from one of Pfizer's occupational nurses testifying that Fernández Vargas was sent a letter via Federal Express informing her of the steps she would need to take to qualify for long-term disability benefits after her eligibility for short-term disability benefits expired after three renewals; (3) Pfizer records indicating the repeated extension of short-term benefits; and (4) a communication from Federal Express confirming that a letter was delivered to Fernández Vargas from Pfizer. Docket Document No. 58, Exhs. 2, 3, 3a, 3b, 3c, 3d, 3e, 3g, 4c. Plaintiffs never responded to Pfizer's summary judgment motion, and Pfizer moved on August 22, 2005, that it be deemed unopposed. Docket Document No. 70. Later that same day, Pfizer moved to have

Plaintiffs' action against it dismissed for lack of prosecution. Docket Document No. 71. We dismissed the case in its entirety on August 31, 2005. Docket Document Nos. 76, 81, 83. We also denied the Sánchez Valle family's motion for reconsideration of their wrongful death cross-claims against Pfizer on August 31, 2005. Docket Document No. 82.

On September 14, 2005, the Sánchez Valle family moved for reconsideration of what it calls our dismissal of its ERISA cross-claims against Pfizer. Docket Document No. 84. Pfizer opposed the reconsideration motion on September 27, 2005, arguing in part that the Sánchez Valle family never pleaded any ERISA cross-claims against it. Document No. 85. There having never been any ERISA cross-claims by the Sánchez Valle family to dismiss, Pfizer argues that there is no ERISA cross-claim dismissal for this court to reconsider. Id.

On March 31, 2006, Pfizer petitioned this court for a permanent injunction under the All Writs Act, 28 U.S.C. § 1651, barring the Sánchez Valle family from re-litigating issues in local Puerto Rico court pursuant to their pending lawsuit that have previously been determined in this forum. Docket Document Nos. 86, 87. The Sánchez Valle family opposed on May 2, 2006. Docket Document No. 94. Pfizer replied on May 22, 2006, Docket Document No. 97, and the Sánchez Valle family and her minor children sur-replied on June 1, 2006. Docket Document No. 98.

## II.

## **Analysis**

### A. **The Sánchez Valle Family's Motion for Reconsideration**

Motions for reconsideration "are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Lima-Rivera v. UHS of P.R., Inc., 2005 WL 2095786 at *1 (D.P.R. August. 30, 2005)(citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)). The Sánchez Valle family has made no showing, nor do we find, that any such circumstance is presented here.

The Sánchez Valle family argues: (1) that they properly pleaded an ERISA cross-claim in this case by incorporating by reference the ERISA claims in Plaintiffs' complaint in their answer; (2) that Plaintiff Christian Jaime Pagán Fernandez' interest in this case was not properly represented by his mother, resulting in the incorrect dismissal of his ERISA claim; and (3) that pre-discovery summary judgment on its alleged ERISA cross-claim was improper. Docket Document No. 84. We do not reach the Sánchez Valle family's second and third arguments because they are premised on the supposition that they had an ERISA cross-claim against Pfizer in the first instance; we find that they never pleaded an ERISA cross-claim. There is therefore no ERISA cross-claim dismissal for us to review today.

Civil No. 04-2236 (JAF)                                              -10-

Plaintiffs' complaint includes the following language:

> "The minor children Emmibel and Reysha Pagán Sánchez, children of the decedent are included as defendants represented by their mother Mrs. Anabel Sánchez Valle due to lack of authorization to include them as plaintiffs and because it is necessary to include them in the lawsuit, with the exception that any award that they may receive in this case will benefit them in their condition as coheirs of the decedent."

Docket Document No. 26, ¶ 5.

The Sánchez Valle family submits that they pleaded an ERISA action against Pfizer by making a reference to the above paragraph in their answer to Plaintiffs' amended complaint. Docket Document No. 35, 84. The reference in question reads as follows:

> "In regard to paragraph 5 of the Complaint, it does not require a responsive pleading but in so far a response is required [sic], co-Defendants admit that the minor children Emmibel and Reysha Pagan Sanchez are children of the decedent represented by their mother Anabel Sanchez Valle and that any award received in the above captioned lawsuit should benefit the minor children in their condition as coheirs of the decedent."

Docket Document No. 35, 84.

We first observe that the Sánchez Valle family's other cross-claim the wrongful death cross-claim against Pfizer  is, by contrast to the ERISA cross-claim that they allege to have pleaded by extremely vague reference, handled very thoroughly in its answer, replete with extensive allegations of Pfizer's negligence and how it contributed to Pagán Avilés' death and suffering.

Civil No. 04-2236 (JAF)                                                                    -11-

Docket Document No. 35. We are slightly confused as to why the Sánchez Valle family would meticulously plead its wrongful death cross-claims with paragraphs and paragraphs of elaboration, yet plead its ERISA cross-claim not just more sparsely, but positively murkily.

Looking past the Sánchez Valle family's inconsistent approaches to pleading its wrongful death cross-claim and its alleged ERISA cross-claim, as we think we must,[1] we think that the real problem with the Sánchez Valle family's suggestion that they properly pleaded an ERISA cross-claim against Pfizer is that its answer does not adequately provide the company with fair notice that the Sánchez Valle family had leveled an ERISA cross-claim against it. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002)(noting that Rule 8(a) requires that the complaint "give the defendant fair notice of what the plaintiff's claim is"). Indeed, all the Sánchez Valle family's answer achieves is a plain statement of the Sánchez Valle family's belief that Emmibel Pagán Sanchez and Reysha Pagán Sanchez would be entitled to share in any award achieved by Plaintiffs in their action against Pfizer. Docket Document No. 35. It does not, however, communicate an intention to

---

[1] There is nothing to suggest that a schizophrenic approach to pleading, even within the same filing, presents a procedural infirmity so long as each cross-claim independently meets the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8.

Civil No. 04-2236 (JAF)                                                   -12-

incorporate any or all of Plaintiffs' claims into the Sánchez Valle family's cross-claim.[2] Id.

**B.   Pfizer's Motion for a Permanent Injunction**

Pfizer argues that the wrongful death claims found in the Sánchez Valle family's October 26, 2004, complaint filed in local Puerto Rico court, Docket Document No. 92-2, are identical to the wrongful death cross-claims the Sánchez Valle family leveled in its April 25, 2005, filing before this court. Docket Document No. 35. We dismissed the Sánchez Valle family's wrongful death cross-claims, of course, on June 8, 2005, holding that Pfizer enjoyed tort immunity relating to Pagán Avilés' death on the job due to the fact that it was an insured employer under the Puerto Rico workers' compensation act. Docket Document No. 42. Pfizer argues that our June 8, 2005, dismissal of the Sánchez Valle family's wrongful death cross-claims against it also settle the issue of Pfizer's tort immunity in the Sánchez Valle family's local Puerto Rico court proceeding pertaining to the same common nucleus of facts, and entitle it to an order enjoining such re-litigation. Docket Document No. 87.

---

[2] Our holding that the Sánchez Valle family has never pleaded an ERISA cross-claim against Pfizer means that the Sánchez Valle family may still file such an action, provided they meet the statute of limitations or other requirements.

Pfizer is correct that the Sánchez Valle family's April 25, 2005, wrongful death cross-claims against Pfizer look like carbon copies of the Sánchez Valle family's October 26, 2004, complaint filed in local Puerto Rico court. Compare Docket Document No. 35 (alleging, inter alia, that Pfizer had the duty to provide to its employees a secure working place free of firearms, yet negligently failed to keep firearms off of its premises and to adequately supervise Adorno Cabán), with Docket Document No. 92-2 (same).

Pfizer argues that the All-Writs Act, 28 U.S.C. § 1651 ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), and the Anti-Injunction Act, 28 U.S.C. § 2283 (1994 & Supp. 2006), when read together, empower this court to enter an injunction to effectuate its judgment regarding the company's tort immunity relating to Pagán Avilés' death. The Anti-Injunction Act prohibits this court from "grant[ing] an injunction to stay proceedings in a State Court except . . . where necessary . . . to protect or effectuate its judgments." 28 U.S.C. § 2283. Pfizer zeroes in on the Anti-Injunction Act's exception for circumstances when a court needs "to protect or effectuate its judgments" ("the relitigation exception"), and claims that it permits the injunction it seeks in this case ("the injunction"). Docket Document No. 87. The Anti-Injunction Act's relitigation exception is a preemptive strike that

Civil No. 04-2236 (JAF)                                              -14-

eradicates the need to assert prior adjudication defenses in state court when faced with claims that have already been determined in a federal court.  Smith v. Woosley, 399 F.3d 428 (2nd Cir. 2005).

We begin by noting the Supreme Court's admonition that the relitigation exception and all other exceptions to the Anti-Injunction Act  "are narrow and are not to be enlarged by loose statutory construction."  Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)(internal quotations omitted).  "[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction [would] insulate[] from litigation in state proceedings actually have been decided by the federal court."  Id. at 148.  What exactly does this requirement mean?  We look to two relevant Supreme Court cases for guidance.

In Chick Kam Choo a Singaporean repairman was accidentally killed while doing repair work on an Exxon Corporation ("Exxon") oil tanker, and the repairman's widow filed a lawsuit against Exxon in the United States District Court for the Southern District of Texas.  486 U.S. 140, 146 (1988).  Applying federal law, and after Exxon agreed to submit to the jurisdiction of Singapore courts, the district court granted the corporation's forum non conveniens motion and dismissed the action.  Id. at 143.  The repairman's widow filed a second lawsuit, not in a Singapore court, but in Texas state court.  Id. at 144.  The district court, which thought

Civil No. 04-2236 (JAF)                                                    -15-

its forum non conveniens dismissal under federal law had effectively sent the lawsuit to Singapore, enjoined the repairman's widow from "prosecuting or commencing any causes of action or claims against [Exxon] in the courts of the State of Texas or any other state . . . arising out of or related to the alleged wrongful death of [her husband]."  Id.

1    The Supreme Court invalidated the injunction, stressing that
2    the district court's original determination under federal law was
3    that Texas federal courts were inappropriate fora for the widow's
4    claims under federal law.  Id. at 149.  The district court had
5    never decided whether the Texas state courts were appropriate fora
6    under state law, by contrast, and the Supreme Court therefore
7    concluded that the injunction foreclosing consideration of that
8    issue was therefore not tailored to protect anything already
9    decided, i.e., outside the Anti-Injunction Act's relitigation
10   exception.
11        In Atlantic Coast Line Railroad Co. v. Brotherhood of
12   Locomotive Engineers a United States District Court denied a
13   railroad's application for an injunction against union picketing
14   based on the Norris LaGuardia Act, 29 U.S.C. § 101 et seq., which
15   imposes limitations on when a federal court may issue injunctions
16   in labor disputes.  398 U.S. 281, 289-90 (1970).  The railroad
17   filed a second, similar lawsuit in Florida state court, where it
18   again requested and was granted an injunction under state law
19   barring union picketers.  Id. at 283-84.  Believing that the state
20   order's implementation would contradict its earlier denial of a
21   picketing injunction, the district court enjoined the railroad from
22   invoking the state order to stop union picketers.  Id. at 284.
23        The Supreme Court vacated the district court's injunction,
24   explaining that even though the district court had refused to issue

an injunction using federal standards, its decision had not considered state standards or whether federal standards precluded state regulation of picketing. Id. at 290. This last point was critical to the Court's decision. Had the district court determined that federal law precluded state regulation of picketing, the Court explained, the Anti-Injunction Act's relitigation exception would have certainly applied. Id. at 290. Exxon's and the railroad's unsuccessful invocations of the Anti-Injunction Act relitigation exception in Chick Kam Poo and Atlantic Coast Line Railroad Co., respectively, show that a district court must have clearly decided the issue to be enjoined in order for the Anti-Injunction Act's relitigation exception to apply. We think that that standard has been met in the present case. Pfizer asks us to enjoin the Sánchez Valle family from relitigating whether the corporation enjoys tort immunity from their wrongful death claims stemming from Pagán Avilés' death under Puerto Rico law. This is the precise question that we answered in the negative in the context of the Sánchez Valle family's wrongful death cross-claims against Pfizer before this court. In short, the issue is one that we have already decided. See Atlantic Coast Line Railroad Co., 398 U.S. at 290. The Anti-Injunction Act's relitigation exception therefore permits an injunction in this case.

"The fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue. The injunction

must be an otherwise proper exercise of the [court's] equitable power." Daewoo Elecs. v. Western Auto Supply Co., 975 F.2d 474, 478 (8th Cir. 1992). A grant of permanent injunctive relief may issue upon a finding of the four following elements: (1) actual success on the merits; (2) threat of irreparable harm to the movant if the injunction is not granted; (3) the state of the balance between this harm and the injury that granting the injunction would inflict upon the non-movant; and (4) the public interest that would be affected by an injunction. Aponte v. Calderón, 284 F.3d 184, 191 (1st Cir. 2002).

The Sánchez Valle family contests whether Pfizer achieved actual success on the merits of this case because its reconsideration motion regarding its purported ERISA cross-claim has been pending before this court. Docket Document No. 94. We resolved this disputed point earlier in this opinion, supra, section II.A., when we denied the Sánchez Valle family's motion for reconsideration on this issue.

The Sánchez Valle family also challenges whether Pfizer has satisfied the second element of a permanent injunction petition, i.e., establishing the threat of irreparable harm. Docket Document No. 94. Pfizer's motion for the injunction submits that the irreparable harm it would suffer is the wasteful expense of relitigating the tort immunity issue. Docket Document No. 87 ("Pfizer . . . would suffer irreparable harm if it is forced to

endure wasteful relitigation . . ."). We agree with Pfizer. Our finding that the litigation in Puerto Rico court concerns an issue we have already decided is sufficient to demonstrate the harm of continuing the state litigation. See Ballenger v. Mobil Oil Corp., 138 Fed. Appx. 615, 622 (5th Cir. 2005) ("[N]o independent demonstration of irreparable harm . . . is necessary to win an injunction under the relitigation exception to the Anti-Injunction Act."); In re Dublin Securities, Inc., 133 F.3d 377, 380 (6th Cir. 1997)("[T]he potential irreparable harm to the defendants from the failure to issue an injunction is obvious. The purported state court defendants, agents of the . . . defendants in federal court, are forced to defend in yet another forum the identical claims that were asserted against their principals successfully."); In re SDDS, Inc., 97 F.3d 1030, 1041 (8th Cir. 1996)("Requiring [defendant] to relitigate in the state court issues previously decided by this Court constitutes an irreparable harm.").

As to the third and fourth prongs of the permanent injunction inquiry, we feel that they clearly weigh in favor of Pfizer, and therefore grant the injunction it seeks.

### III.

### Conclusion

In accordance with the foregoing, we **DENY** the Sánchez Valle family's motion for reconsideration, and we **GRANT** Pfizer's request for a permanent injunction barring the Sánchez Valle family from

Civil No. 04-2236 (JAF)                                                    -20-

relitigating the issue of Pfizer's tort immunity from their wrongful death claims in local Puerto Rico court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of November, 2006.

                 S/José Antonio Fusté
                  JOSE ANTONIO FUSTE
                Chief U.S. District Judge